

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00025-CR
No. 02-19-00026-CR

———————————————

ROBERT LEE KNOX, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1510062D, 1510064D

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion on Rehearing by Justice Gabriel

## MEMORANDUM OPINION ON REHEARING

After considering appellant Robert Lee Knox's motion for rehearing, we deny the motion, withdraw our March 28, 2019 opinion and judgment, and substitute the following in their place.

Knox attempts to appeal the trial court's judgments in these consolidated appeals. In trial court cause number 1510062D, Knox was charged with a state-jail-felony count of burglary of a building. *See* Tex. Penal Code Ann. § 30.02(c)(1). In trial court cause number 1510064D, he was charged with a state-jail-felony count of theft. *See id.* § 31.03(e)(4)(D). The indictments in both causes contained paragraphs enhancing the potential range of punishment for each offense to that of a third-degree felony. *See id.* § 12.425(a).

After entering into plea agreements with the State, Knox pleaded guilty to both charges and true to the corresponding enhancement paragraphs. The plea papers—executed on November 29, 2017—reflect that in exchange for his guilty pleas to the charged offenses, the State agreed to recommend that the trial court sentence him to four years' confinement in each case, but only on the condition that he return for his sentencing on December 27, 2017, with no new offenses. If he failed to return for his December 27, 2017 sentencing with no new offenses, the plea papers reflect that Knox agreed to make "open plea[s] to [the] court."

Knox failed to appear for his December 27, 2017 sentencing. He was later arrested and appeared for his sentencing nearly a year after his originally scheduled sentencing date. The trial court sentenced him to ten years' confinement in each case

2

and ordered the sentences to run concurrently. Knox has filed a pro se notice of appeal in each case. In what are now the third rule 25.2 certifications in these cases, the trial court has certified that neither of these cases is a plea-bargain case and that Knox has the right of appeal.[1] *See* Tex. R. App. P. 25.2(a)(2), (d).

In plea-bargain cases, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The rules of appellate procedure define a plea-bargain case as one "in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App. P. 25.2(a)(2). In his original pro se response to our letter, Knox suggested that Rule 25.2(a)(2) is inapplicable to these cases, arguing that they do not constitute plea-bargain cases because the ten-year sentences he received exceed

---

[1]The first amended certifications from the trial court, which were filed in the trial court on January 16, 2019, stated that each of these cases "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). After we received the notices of appeal, we notified Knox and his court-appointed appellate counsel that we had concerns regarding Knox's right to prosecute these appeals given those certifications. We further said that we would dismiss these appeals unless we received a response showing grounds to continue them. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Both Knox and his counsel responded. But because we concluded those responses did not show grounds for continuing the appeals, we dismissed them. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. In his motion for rehearing, Knox has apprised us that second amended certifications were filed in the trial court on February 11, 2019.

the four-year terms the prosecutor recommended and that he agreed to.[2] In a similar vein, in his motion for rehearing, Knox argues that these are not plea-bargain cases because under the terms of the agreements, his failure to appear for his scheduled sentencing on December 27, 2017, revoked the agreements and, consequently, he was not sentenced pursuant to those agreements. We do not agree with either of these contentions.

The plea agreements here are akin to the ones at issue in *State v. Moore*, 240 S.W.3d 248 (Tex. Crim. App. 2007). The plea agreement in that case provided that the defendant would plead guilty to the charged offense and that sentencing would be delayed for six weeks. *Id.* at 249. The defendant also promised to appear for his scheduled sentencing and not to commit any new offenses in the interim. *Id.* On the condition that the defendant abide by these terms, the State offered to recommend a twenty-five year sentence. *Id.* But if the defendant failed to abide by those terms, the agreement provided that the State would not recommend a punishment but that the defendant's plea would become an open plea "for the trial court to determine the sentence based on the full punishment range, up to life in prison." *Id.*

At the time the defendant was sentenced, the State presented evidence that the defendant had committed an assault during the six-week period between his plea and his originally-scheduled sentencing. *Id.* Pursuant to the plea agreement, the State

_____

[2]Knox raised other contentions in his pro se response, but those additional contentions do not show grounds for continuing these appeals.

4

refrained from making any sentence recommendation. *Id.* And although the defendant asked the trial court to sentence him to the twenty-five years that the State had originally agreed to recommend, the trial court declined to do so, sentencing him to forty years' incarceration. *Id.*

The court of criminal appeals observed that the terms of the plea agreement were not merely that the defendant would plead guilty in exchange for the State's recommendation of twenty-five years' confinement. *See id.* at 255. Rather, the defendant's promise to appear for sentencing and to refrain from committing additional crimes, as well as the consequences that would happen if he failed to abide by those promises—that the State would refrain from making a punishment recommendation and the defendant would be subject to the full range of punishment available—were themselves negotiated terms of the plea agreement. *Id.* at 253.

As in *Moore*, the portions of the plea agreements Knox reached with the State in these cases that provided his guilty pleas would be open to the court if he failed to appear at his December 27, 2017 sentencing without any new offenses were themselves negotiated terms of his plea agreements. *See id.* at 255. Thus, when Knox failed to appear for his sentencing, it was pursuant to those agreements that his pleas became open to the court. And Knox's plea paperwork shows he was informed that if the trial court found him guilty upon an open plea of guilty, his "punishment [could] be set anywhere within the range of punishment prescribed by law for the offense" and that once the trial court accepted his guilty pleas, he could not withdraw them without permission from the trial court.

5

As charged in the indictments, both offenses Knox pleaded guilty to were punishable as third-degree felonies. The range of confinement for a third-degree felony is two to ten years. Tex. Penal Code Ann. § 12.34(a). The trial court's sentences of ten years' confinement in both cases therefore did not exceed the range of punishment prescribed by law for the charged offenses. Consequently, because the terms of Knox's plea agreements subjected him to the full range of punishment available for the charged offenses, he did not receive a punishment that exceeded the one recommended by the prosecutor and agreed to by him. *See Henderson v. State*, No. 04-15-00651-CR, 2015 WL 9139689, at *1–3 (Tex. App.—San Antonio Dec. 16, 2015, no pet.) (mem. op., not designated for publication) (holding that trial court's sentence did not exceed the one the prosecutor recommended and defendant agreed to where: (1) defendant pleaded guilty in exchange for certain sentencing recommendation from the State, agreed to appear for sentencing, and agreed that the failure to appear subjected him to the full range of punishment; (2) defendant failed to appear for sentencing; and (3) trial court sentenced defendant to a greater term of confinement than the State had originally recommended); *Culpepper v. State*, No. 09-09-00486-CR, 2010 WL 4263761, at *1–3 (Tex. App.—Beaumont Oct. 27, 2010, no pet.) (mem. op., not designated for publication) (holding same).

Since Knox pleaded guilty and his punishment did not exceed the punishment recommended by the prosecutor and agreed to by him, these cases fall within Rule 25.2(a)(2)'s definition of a plea-bargain case. *See Henderson*, 2015 WL 9139689, at *2–3; *Culpepper*, 2010 WL 4263761, at *2–3. Knox has offered no indication that he

6

either obtained the trial court's permission to appeal or intends to appeal a matter he raised by written motion filed and ruled on before trial. Thus, the trial court's first amended certifications filed on January 16, 2019, were correct and its second amended certifications filed on February 9, 2019, are not. We decline to order the trial court to amend its second amended certifications of February 9, 2019, to reflect that these are plea-bargain cases and that Knox has no right of appeal because doing so would be a useless act—Knox would still be unable to appeal his convictions. *See Brooks v. State*, No. 02-12-00196-CR, 2012 WL 2036473, at *2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (mem. op., not designated for publication); *see also Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (reasoning that appellate court has ability to examine certification for defectiveness and to use rules 37.1 and 34.5(c) to obtain another certification "whenever appropriate"). Accordingly, we dismiss the appeals. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 25, 2019